# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT-JAMES MIXDORF, <br><br> Plaintiff, <br><br> v. <br><br> AIG FEDERAL SAVINGS BANK, and JOHN DOES 1-20. <br><br> Defendants. | **REPORT & RECOMMENDATION** <br><br> Civil Case No. 2:13-cv-00307-DN <br><br> Judge David Nuffer <br><br> Magistrate Judge Brooke C. Wells |

District Judge David Nuffer referred this case to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the Court is a Motion for Summary filed by Defendant and Counterclaimant, AIG Federal Savings Bank.[2] A hearing on this Motion was held on Wednesday, March 12, 2014, commencing at 10:18 a.m.[3] Defendant was represented by R. L. Knuth, Jones Waldo Holbrook & McDonough. The Plaintiff and Counterdefendant, Robert-James Mixdorf did not appear, either personally or through counsel.

The Court, having reviewed the Motion for Summary Judgment, being fully advised in the premises, and good cause appearing therefor, hereby makes the following findings and recommendations:

---

[1] Docket no. 13.

[2] Docket no. 18.

[3] Docket no. 45.

1. The Court notes that at the most recent hearing on the Motion for Summary Judgment, on January 31, 2014, Plaintiff was present and was personally advised by the Court that he was granted a further extension, *viz.*, until January 28, 2014, to file a written response to Defendant's Motion for Summary Judgment; that no further extension would be allowed; and that a further hearing was scheduled on the Motion for Summary Judgment for March 12, 2014, at 10:00 a.m.[4]

2. Subsequent to the January 31, 2014 hearing, Plaintiff filed his second Motion for Ratification of Commencement, dated February 28, 2014[5] and a document entitled "Rule 201 Judicial Notice of Adjudicative Facts."[6]

3. The Court found those filings not to be responsive to the Motion for Summary Judgment, and duly granted Defendant's Motion to Strike the Motion for Ratification of Commencement, by an Order entered March 6, 2014.[7]

4. The March 6, 2014 Order again advised Plaintiff of the March 12th hearing date.[8]

5. The Court finds that not only did Plaintiff fail to appear at the March 12, 2014 hearing, but that he failed to file a written response to the Motion for Summary Judgment, despite having been granted three (3) extensions to do so.

---

[4] See docket no. 35.

[5] Docket no. 39.

[6] Docket no. 40.

[7] Docket no. 43.

[8] Id.

6. Therefore, the Court, having reviewed the Motion for Summary Judgment, together with the Affidavit of Robert Rossiter and the supporting documents submitted therewith, and in the absence of any response or controversion to Defendant's statement of undisputed facts presented in the Motion for Summary Judgment, finds the arguments presented in the Motion for Summary Judgment to well taken. The Court **HEREBY RECOMMENDS** the District Court GRANT Summary Judgment in favor of Defendant on all claims, in both the Complaint and the Counterclaim.

7. The Court **FURTHER RECOMMENDS** that the District Court enter an appropriate judgment on the Counterclaim upon due application by Defendant, in the principal amount of $51,735.01, plus post-judgment interest and taxable costs of court.

## NOTICE

Copies of this Report and Recommendation are being sent to all parties who are hereby notified of their right to object.[9] Pursuant to 28 U.S.C. § 636(b)(1), a party may file objections to the magistrate judge's report, for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection. Failure to object may constitute waiver of objections upon subsequent review.

---

[9] See 28 U.S.C. § 636(b)(1); F.R.C.P. 72(b).

DATED this 12 March 2014.

_____
Brooke C. Wells
United States Magistrate Judge